IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Clay Massi, | ) | C/A No. 0:13-2950-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Walgreen Co., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Clay Massi, a self-represented litigant,[1] filed this diversity case against the defendant pharmacy, Walgreen Company.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's supplemental motion for summary judgment.  (ECF No. 64.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Massi of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion.  (ECF No. 69.)  Massi filed a response in opposition, which he amended (ECF No. 73 & 74), and the defendant replied (ECF No. 77).  Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

---

[1] Daniel Harshaw was appointed as Massi's guardian ad litem on September 9, 2014.

## BACKGROUND

This case is the latest in protracted litigation Massi has pursued against Walgreen in various jurisdictions.[2]  Massi's original case, brought in 2005 in the United States District Court for the Eastern District of Tennessee, stemmed from an incorrectly filled prescription.  Massi obtained a favorable jury verdict resulting in a judgment of several thousand dollars; however, following the original negligence case, he has subsequently brought numerous cases alleging fraud on the part of Walgreen in connection with the initial litigation.  Walgreen prevailed in those matters.

In the instant matter, Massi asserts state law claims seeking recovery for emotional distress based, apparently, on comments made by Walgreen's lawyer to Massi and on filings Walgreen made in a previous case.  Massi also amended his complaint as a matter of course purporting to add claims based on violations of various federal criminal statutes, including 18 U.S.C. § 371 (conspiracy to commit offense or to defraud the United States); 18 U.S.C. § 241 (conspiracy against rights); and 18 U.S.C. § 1343 (mail fraud).

According to Massi's pleadings, following years of litigation with Walgreen, Massi went in June of 2013 to Walgreen to fill a prescription because it was the only nearby pharmacy that had the necessary medication.  Massi encountered difficulty obtaining the prescription and called Walgreen's attorney, who during an argumentative discussion informed Massi that Walgreen "figured [Massi] would be dead by now" and that Walgreen thought the litigation would "put [Massi] in a grave." (Am. Compl. ¶ 41, ECF No. 11-1 at 8.)  Massi believes that Walgreen's legal strategy in a previous

---

[2] For a more detailed discussion of Massi's litigation history with Walgreen, see Massi v. Walgreen Co., C/A No. 0:13-538-CMC-PJG, 2013 WL 5410806, at *1-3 (D.S.C. Sept. 6, 2013) (Report and Recommendation adopted by 2013 WL 5410810 (D.S.C. Sept. 26, 2013)), and the defendant's memorandum in support of its motion for summary judgment in the instant case, ECF No. 64-1 at 1-5.



case was to cause him suffering and pain through the filing of false and fraudulent materials in an attempt to aggravate Massi's previous injuries and cause Massi's premature death.  (See generally Am. Compl., ECF No. 11-1.)

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth



specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Massi's Claims**

To state a claim for intentional infliction of emotional distress under South Carolina law, a plaintiff must show:

> (1)    the defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct;
>
> (2)    the conduct was so "extreme and outrageous" so as to exceed "all possible bounds of decency" and must be regarded as "atrocious, and utterly intolerable in a civilized community;"
>
> (3)    the actions of the defendant caused plaintiff's emotional distress; and
>
> (4)    the emotional distress suffered by the plaintiff was "severe" such that "no reasonable man could be expected to endure it."

Argoe v. Three Rivers Behavioral Health, L.L.C., 710 S.E.2d 67, 74 (S.C. 2011) (quoting Hansson v. Scalise Builders of S.C., 650 S.E.2d 68, 70 (S.C. 2007)).  Even accepting Massi's allegations as true, his claim fails.  As Walgreen points out in its motion and as shown by Massi's Amended Complaint and discovery responses, the crux of this claim is that Walgreen intended to harm Massi by filing allegedly false documents in a prior case, C/A No. 0:13-cv-538-CMC.  However, the undisputed record shows that the filings at issue were litigation documents from his other previous cases, which the defendant filed in C/A No. 0:13-538 to establish a defense of *res judicata*.  Such



action cannot be considered to be the reprehensible conduct required under South Carolina law to state a claim for intentional infliction of emotional distress. Further, although Massi appears to rely on Walgreen's attorney's statement as evidence of his claim rather than the subject of it, the court observes that the attorney's comments, while objectionable and insensitive, similarly do not rise to the extreme and outrageous conduct required to state a claim. Walgreen is therefore entitled to summary judgment on Massi's claim for intentional infliction of emotional distress.

Massi's Complaint also initially contained a paragraphing referencing a claim of negligent infliction of emotional distress. However, this averment is not contained in his Amended Complaint, so it appears to have been withdrawn. In any event, Massi has not pled any facts or presented any evidence indicating that he can prove the requisite elements for such a claim. See Doe v. Greenville Cnty. Sch. Dist., 651 S.E.2d 305, 307 (S.C. 2007) (indicating that an action for negligent infliction of emotional distress is strictly limited to the "bystander liability" scenario and requiring a plaintiff to show as one of the elements that "the negligence of the defendant caused death or serious physical injury to *another*") (emphasis added).

Finally, Massi's references in his Amended Complaint to various federal criminal statutes are ineffectual, as those statutes create no civil cause of action for him to pursue. See, e.g., Rockefeller v. Rehnquist, No. 03-5282, 2004 WL 210649, at *1 (D.C. Cir. 2004) (affirming the dismissal of a complaint because of the lack of a private cause of action under 18 U.S.C. §§ 242 and 371); see also Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law).

PJG

In his filings in opposition to Walgreen's motion, Massi fails to advance any argument addressing these grounds.[3]  Rather, he focuses on new evidence that he asserts has not previously been presented to any court and argues that his claims in the instant case are not barred by *res judicata*.  Because his claims fail for other reasons, these arguments do not avail him.

### RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion for summary judgment (ECF No. 64) be granted.[4]

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 4, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] Massi filed various untimely, additional memoranda in opposition to the defendant's motion.  (ECF Nos. 75 & 76.)  Even had they been timely filed, however, consideration of the arguments advanced in those filings does not change the court's recommendation.

[4] In light of this recommendation, no other pending motions need be addressed; they may therefore be terminated from the docket.  (ECF Nos. 33, 75, & 76.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).