IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Clay Massi, | ) | C/A NO. 0:13-2950-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Walgreen Co., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to the court's diversity jurisdiction. 28 U.S.C. § 1332. Defendant moved for summary judgment, to which Plaintiff responded.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues. On February 4, 2015, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted, all other pending motions be terminated, and this matter be dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on February 23, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusion of the Report that Defendant should be granted summary judgment. Accordingly, the court adopts the Report by reference in this Order.

Plaintiff's conclusory objections fail to establish that the Report erred in its analysis of the facts of this case as applied to the law. Additionally, Plaintiff contends that he has been found to be incompetent by several courts which warranted the appointment of a *guardian ad litem* (GAL) (as was done in this case) and that the court should hold a hearing to allow the GAL to argue on his behalf to "protect[ed] his rights." Obj. at 3, ECF No. 85.[1] The Magistrate Judge appointed a GAL in this matter for the limited purpose of consulting with Plaintiff during the course of this litigation to ensure he (Plaintiff) understood certain obligations and undertakings and to provide a report to the court regarding the consultation. The Magistrate Judge specifically declined to appoint the GAL,

---

[1] A federal court "must appoint a guardian ad litem—or issue another appropriate order" to protect a litigant who is a "minor or incompetent person." Fed. R. Civ. P. 17(c)(2). A minor or incompetent person may also be represented by a general guardian, committee, conservator, or similar fiduciary. Fed. R. Civ. P. 17(c)(1). Plaintiff argues (in his objections) that he has been found to be incompetent by several courts. However, the material attached to his motion for appointment of GAL only establishes that he is disabled, not that he is legally incompetent. Accordingly, the mandatory appointment provision of Federal Rule 17(c)(2) does not apply. However, although guardian appointment is not required by the federal rules, a district court "has the inherent discretion to appoint a guardian ad litem for any party who is in need of such appointment." *Buchanan County v. Blankenship*, 406 F. Supp. 2d 642, 645 (W. D. Va. 2005) (citation omitted). Accordingly, it appears that the Magistrate Judge appointed a GAL in this matter under her discretionary authority.

who is an attorney, as counsel for Plaintiff. Having complied with the Magistrate Judge's requirements for this matter, Daniel Harshaw, Esquire, is hereby relieved from further responsibility as *guardian ad litem* in this matter.

Defendant's supplemental motion for summary judgment (ECF No. 64) is **granted**, all other pending motions are **denied as moot**, and this matter is dismissed with prejudice

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 9, 2015