IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Clay Massi, | ) | C/A NO. 0:13-2950-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Walgreen Co., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for sanctions. ECF No. 95. Defendant seeks the imposition of a filing prohibition on Plaintiff relating to his original 2005 lawsuit. Additionally, Defendant seeks "reasonable attorneys' fees associated with defending itself in this action." Mem. in Supp. at 6, ECF No. 95-1. Plaintiff has responded in opposition. For the reasons below, Defendant's motion is denied.

**I. BACKGROUND**

This case is the latest in protracted litigation Plaintiff has pursued against Walgreen in various jurisdictions. In 2005, Plaintiff filed suit ("Massi I") in the Eastern District of Tennessee against Walgreens based on the wrongful filling of a prescription which resulted in injuries. A jury returned a verdict in Massi's favor, and after reducing Massi's damages award based on his percentage of comparative negligence, the district court entered a verdict for Massi in the amount of $13,750.00, which was satisfied.

In 2007, Massi filed a second lawsuit (Massi II) alleging that Walgreen committed fraud in Massi I by various fraudulent acts during the defense and trial of Massi I. The district court in

1

Tennessee dismissed Massi II, determining that it should be categorized as a post-trial motion in Massi I, and granted Massi leave to file the post-trial motion in Massi I pursuant to Federal Rule of Civil Procedure 60.

In January 2008, Massi filed a motion for a new trial in Massi I, asserting the allegations noted above. The district court denied Massi's motion. Massi appealed Massi I to the United States Court of Appeals for the Sixth Circuit, which affirmed. *See Massi v. Walgreen Co.*, 337 F. App'x 542 (6th Cir. 2009). While his appeal was pending in the Sixth Circuit, Massi filed several other motions, including a motion for the court to acknowledge fraud, which the district court ultimately denied.

In 2010, Massi filed another motion for relief from judgment and motion for sanctions in Massi I, which the district court denied, finding that judgment had been entered and appeals exhausted. On appeal, the Sixth Circuit affirmed. In 2011, Massi filed additional motions in Massi I for leave to file proof of fraud upon the court and for leave to file for relief under Rule 60(b)(6), which the district court denied. On appeal, the Sixth Circuit granted Walgreen's motion for sanctions and referenced its June 23, 2011 order issued in Massi III, discussed below.

While Massi was filing motions in Massi I, he also filed a lawsuit against Walgreen's defense attorney in Massi I and several Walgreen employees in 2008 (Massi III). The district court dismissed this action, which was affirmed on appeal. Massi then filed a motion for relief, which the district court denied, and the Sixth Circuit affirmed. The Sixth Circuit also issued an order filed June 23, 2011 barring Massi from filing any motion, new civil matter, or appeal, in the circuit court or any court subject to the Sixth Circuit's jurisdiction related to Massi I, without prior leave of the district court. Massi's subsequent motions were similarly denied and he was informed by the district court

that no further filings would be accepted.

In 2010, Massi filed Massi IV in this District raising claims against Phil Lomonaco, the attorney who represented him in Massi I. This court granted defendant's motion to transfer that matter to the Eastern District of Tennessee where the attorney resided and the alleged conduct occurred. After transfer, that court granted the defendant's motion to dismiss, which was affirmed by the Sixth Circuit on appeal. Massi also filed motions in Massi IV to set aside the judgment in Massi I based on fraud, for judicial notice, for leave to file proof of fraud, and for leave to file for relief under Rule 60(b)(6), all of which were denied.

Plaintiff again filed suit in 2013 in the Court of Common Pleas of York County (Massi V). That case was removed to this court on March 1, 2013. Walgreen filed a motion to dismiss on March 6, 2013, and on September 26, 2013, this court adopted the recommendations of the Magistrate Judge, finding res judicata, and dismissed the case. Plaintiff did not appeal the dismissal of Massi V.

In the instant matter (Massi VI), Massi asserts state law claims seeking recovery for emotional distress based, apparently, on comments made by Walgreen's lawyer to Massi and on filings Walgreen made in a previous case. Massi also amended his complaint as a matter of course purporting to add claims based on violations of various federal criminal statutes, including 18 U.S.C. § 371 (conspiracy to commit offense or to defraud the United States); 18 U.S.C. § 241 (conspiracy against rights); and 18 U.S.C. § 1343 (mail fraud). Walgreen moved for summary judgment, which this court granted on March 9, 2015. Plaintiff moved for post-judgment relief, arguing that he had been denied due process. The court denied Plaintiff's motion on April 21, 2015.

Defendant then filed the current motion, to which Plaintiff responded on June 3, 2015.

## II. STANDARD

Defendant seeks injunctive relief in the form of a prefiling injunction in this court similar to that imposed by the Sixth Circuit Court of Appeals on Plaintiff's filings relating to Massi I in the Eastern District of Tennessee.

The All Writs Act, 28 U.S.C. § 1651(a), grants Federal courts the authority to limit access to the courts by vexatious and repetitive litigants. *See Cromer v. Kraft Foods N. Am. Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). However, this is a drastic remedy and must be used sparingly with an eye toward the concern of constitutional guarantees of due process of law and access to the courts. U.S. Const. amend. XIV, § 1. *See also Truax v. Corrigan*, 257 U.S. 312, 332 (1921) ("The due process clause requires that every man shall have the protection of his day in court."). The Supreme Court has explained that the particular constitutional protection afforded by access to the courts is "the right conservative of all other rights, and lies at the foundation of orderly government." *Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142, 148 (1907).

A litigant's access to the courts should not be limited absent "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer*, 390 F.3d at 818 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir.1993)). Moreover, "use of such measures against a *pro se* plaintiff should be approached with particular caution" and should "remain very much the exception to the general rule of free access to the courts." *Id.* (quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir.1980)).

To determine whether a prefiling injunction is warranted, a court should weigh all the relevant circumstances, including "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for

4

pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Id*.

### III. DISCUSSION

By all appearances, Plaintiff's pursuit of litigation against Defendant is a vexatious and harassing attempt to revisit issues fully settled by the conclusion of Massi I and its appeals. Additionally, it is not likely that Plaintiff has an objective good faith basis in pursuing Massi III through VI (or postjudgment matters in Massi II), as he has received repeated rulings from several courts denying him relief and/or imposing sanctions.

The burden on Defendant at this point is significant, as Defendant must hire counsel and repeatedly defend a suit that was long ago concluded *in Plaintiff's favor*. It appears Plaintiff is attempting to avoid the prefiling injunction in place in the Sixth Circuit by filing multiple suits in this District, which places a burden on this court.

### IV. NOTICE TO PLAINTIFF

To impose a prefiling injunction on Plaintiff without notice and an opportunity to be heard would violate due process. Additionally, any injunction must be narrowly tailored "to fit the particular circumstances of the case." *Cromer*, 390 F.3d at 819. Therefore, the court advises Plaintiff that it is considering imposing a prefiling injunction on Plaintiff's ability to file any pleading, motion, or other filing in this District relating to the lawsuits known as Massi I through VI. Before any filings could be made by Plaintiff in Massi V or VI or any new civil action could be brought by Plaintiff in this District, Plaintiff would be required to seek permission of the court. This prefiling injunction would not preclude Plaintiff's ability to file or defend lawsuits in this District unrelated to Massi I through VI.

### IV. CONCLUSION

Plaintiff shall respond, if he so chooses, to the Notice above in writing by no later than **Monday, July 6, 2015**. The court will then will consider the factors listed above and Plaintiff's response in determining whether to impose a prefiling injunction.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 18, 2015