IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Clay Massi, ) | C/A NO. 0:13-2950-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Walgreen Co., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court pursuant to the Show Cause Order entered June 18, 2015, directing Plaintiff to show cause why this court should not issue a prefiling injunction relating to Plaintiff's previous lawsuits against Defendant ("*Massi I* through *Massi VI*"). On July 6, 2015, Plaintiff responded in opposition to the imposition of a prefiling injunction.

**I. BACKGROUND**

This case is the latest in protracted litigation Plaintiff has pursued against Walgreen in various jurisdictions. In 2005, Plaintiff filed suit (*Massi I*) in the Eastern District of Tennessee against Walgreen based on the wrongful filling of a prescription which resulted in injuries. A jury returned a verdict in Massi's favor, and after reducing Massi's damages award based on his percentage of comparative negligence, the district court entered a verdict for Massi in the amount of $13,750.00, which was satisfied.

In 2007, Massi filed a second lawsuit (*Massi II*) alleging that Walgreen committed fraud in *Massi I* by various fraudulent acts during the defense and trial of *Massi I*. The district court in Tennessee dismissed *Massi II*, determining that it should be categorized as a post-trial motion in

1

*Massi I*, and granted Massi leave to file the post-trial motion in *Massi I* pursuant to Federal Rule of Civil Procedure 60.

In January 2008, Massi filed a motion for a new trial in *Massi I*, asserting the allegations noted above. The district court denied Massi's motion. Massi appealed *Massi I* to the United States Court of Appeals for the Sixth Circuit, which affirmed. *See Massi v. Walgreen Co.*, 337 F. App'x 542 (6th Cir. 2009). While his appeal was pending in the Sixth Circuit, Massi filed several other motions, including a motion for the court to acknowledge fraud, which the district court ultimately denied.

In 2010, Massi filed another motion for relief from judgment and motion for sanctions in *Massi I*, which the district court denied, finding that judgment had been entered and appeals exhausted. On appeal, the Sixth Circuit affirmed. In 2011, Massi filed additional motions in *Massi I* for leave to file proof of fraud upon the court and for leave to file for relief under Rule 60(b)(6), which the district court denied. On appeal, the Sixth Circuit granted Walgreen's motion for sanctions and referenced its June 23, 2011 order issued in *Massi III*, discussed below.

While Massi was filing motions in *Massi I*, he also filed a lawsuit against Walgreen's defense attorney in Massi I and several Walgreen employees in 2008 (*Massi III*). The district court dismissed this action, which was affirmed on appeal. Massi then filed a motion for relief, which the district court denied, and the Sixth Circuit affirmed. The Sixth Circuit also issued an order filed June 23, 2011 barring Massi from filing any motion, new civil matter, or appeal, in the circuit court or any court subject to the Sixth Circuit's jurisdiction related to *Massi I*, without prior leave of the district court. Massi's subsequent motions were similarly denied and he was informed by the district court that no further filings would be accepted.

In 2010, Massi filed *Massi IV* in this District raising claims against Phil Lomonaco, the attorney who represented him in *Massi I*. This court granted defendant's motion to transfer that matter to the Eastern District of Tennessee where the attorney resided and the alleged conduct occurred. After transfer, that court granted the defendant's motion to dismiss, which was affirmed by the Sixth Circuit on appeal. Massi also filed motions in *Massi IV* to set aside the judgment in *Massi I* based on fraud, for judicial notice, for leave to file proof of fraud, and for leave to file for relief under Rule 60(b)(6), all of which were denied.

Plaintiff again filed suit in 2013 in the Court of Common Pleas of York County (*Massi V*). That case was removed to this court on March 1, 2013. Walgreen filed a motion to dismiss on March 6, 2013, and on September 26, 2013, this court adopted the recommendations of the Magistrate Judge, finding res judicata, and dismissed the case. Plaintiff did not appeal the dismissal of *Massi V*.

In the instant matter (*Massi VI*), Massi asserts state law claims seeking recovery for emotional distress based, apparently, on comments made by Walgreen's lawyer to Massi and on filings Walgreen made in a previous case. Massi also amended his complaint as a matter of course purporting to add claims based on violations of various federal criminal statutes, including 18 U.S.C. § 371 (conspiracy to commit offense or to defraud the United States); 18 U.S.C. § 241 (conspiracy against rights); and 18 U.S.C. § 1343 (mail fraud). Walgreen moved for summary judgment, which this court granted on March 9, 2015. Plaintiff moved for post-judgment relief, arguing that he had been denied due process. The court denied Plaintiff's motion on April 21, 2015.

On May 18, 2015, Defendant filed a motion for sanctions and for attorney's fees. Plaintiff responded on June 3, 2015. On June 18, 2015, this court denied Defendant's motion for sanctions

3

but issued a Show Cause order directing Plaintiff to show cause why a prefiling injunction should not issue relating to the lawsuits known as *Massi I* through *Massi VI*, including any pleading, motion, or other filing in this District relating to these lawsuits. This injunction would not extend to Plaintiff's ability to file or defend lawsuits in this District unrelated to *Massi I* through *Massi VI*.

On July 6, 2015, Plaintiff responded to the Show Cause order, arguing that he has recently obtained unspecified information regarding certain alleged actions by Phil Lomonaco, the defendant in *Massi V*, during his representation of Plaintiff in *Massi I*, and arguing that the court should "not place an injunction that would prohibit this narrow avenue of redress." Resp. at 1, ECF No. 102.

**II. STANDARD**

Defendant seeks injunctive relief in the form of a prefiling injunction in this court similar to that imposed by the Sixth Circuit Court of Appeals on Plaintiff's filings relating to *Massi I* in the Eastern District of Tennessee.

The All Writs Act, 28 U.S.C. § 1651(a), grants Federal courts the authority to limit access to the courts by vexatious and repetitive litigants. *See Cromer v. Kraft Foods N. Am. Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). However, this is a drastic remedy and must be used sparingly with an eye toward the concern of constitutional guarantees of due process of law and access to the courts. U.S. Const. amend. XIV, § 1. *See also Truax v. Corrigan*, 257 U.S. 312, 332 (1921) ("The due process clause requires that every man shall have the protection of his day in court."). The Supreme Court has explained that the particular constitutional protection afforded by access to the courts is "the right conservative of all other rights, and lies at the foundation of orderly government." *Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142, 148 (1907).

A litigant's access to the courts should not be limited absent "exigent circumstances, such

as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer*, 390 F.3d at 818 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir.1993)). Moreover, "use of such measures against a *pro se* plaintiff should be approached with particular caution" and should "remain very much the exception to the general rule of free access to the courts." *Id.* (quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir.1980)).

To determine whether a prefiling injunction is warranted, a court should weigh all the relevant circumstances, including "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Id*.

### III. DISCUSSION

By all appearances, Plaintiff's pursuit of litigation against Defendant is a vexatious and harassing attempt to revisit issues fully settled by the conclusion of *Massi I* and its appeals. Additionally, it is not likely that Plaintiff has an objective good faith basis in pursuing *Massi III* through *Massi VI* (or postjudgment matters in *Massi II*), as he has received repeated rulings from several courts denying him relief and/or imposing sanctions.

The burden on Defendant at this point is significant, as Defendant must hire counsel and repeatedly defend a suit that was long ago concluded *in Plaintiff's favor*. It appears Plaintiff is attempting to avoid the prefiling injunction in place in the Sixth Circuit by filing multiple suits in this District, which places a burden on this court. Moreover, it appears Plaintiff may be in the process of either filing additional material in this court relating to *Massi IV*, which was transferred to the Eastern District of Tennessee, or filing a new case related to *Massi IV*.

y
z

### IV. CONCLUSION

Based on the foregoing, the court finds imposition of a prefiling injunction in this District is warranted. Accordingly, the court hereby imposes a prefiling injunction on Plaintiff's ability to file any pleading, motion, or other filing in this District relating to the lawsuits known as *Massi I* through *Massi VI*. Before any filings are made by Plaintiff in *Massi V* or *Massi VI*, or any new civil action is brought by Plaintiff in this District, Plaintiff is required to seek permission of the court. This prefiling injunction does not preclude Plaintiff's ability to file or defend lawsuits in this District unrelated to *Massi I* through *Massi VI*.[1]

**IT IS SO ORDERED.**

                                            s/ Cameron McGowan Currie
                                            CAMERON MCGOWAN CURRIE
                                            SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 9, 2015

---

[1] In its motion for imposition of a prefiling injunction, Defendant seeks "reasonable attorneys' fees and costs associated with defending itself in this action . . . ." Mem. in Supp. at 8-9, ECF No. 95-1. The court declines to impose this additional sanction at this time, as Defendant offers no statutory or legal authority for departing from the normal rule that each party bears its own costs in prosecuting or defending an action.